UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY BENDER,<br><br>    Plaintiff,<br><br>  v.<br><br>ADVANCED MICRO DEVICES, INC.,<br><br>    Defendant.<br>_____/ | No. C-09-1149 MMC (EMC)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STRIKE; AND GRANTING DEFENDANT'S MOTION TO COMPEL**<br><br>**(Docket No. 26)** |

    Plaintiff Gregory Bender has filed suit against Defendant Advanced Micro Devices, Inc. ("AMD") for patent infringement. AMD has moved the Court to strike the infringement contentions served by Mr. Bender. In the alternative, AMD asks that Mr. Bender be compelled to amend his infringement contentions so that they comply with Patent Local Rule 3-1. Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel and all evidence of record, the Court hereby **DENIES** the motion to strike but **GRANTS** the motion to compel.

## I. DISCUSSION

    The Patent Local Rules are applicable to the instant case because it involves a claim for patent infringement. *See* Pat. L.R. 1-2. Patent Local Rule 3 governs patent disclosures. Under Rule 3-1, a party asserting infringement must provide a disclosure of asserted claims and infringement contentions. *See* Pat. L.R. 3-1. The purpose underlying Rule 3-1 is to require the party claiming infringement to crystallize its theories of the case early in the litigation and to adhere to those theories once disclosed. *See Alberta Telecomms. Research Ctr. v. Rambus, Inc.*, No. C 06-02595

1  RMW (RS), 2007 WL 4170564, at *1 (N.D. Cal. Nov. 19, 2007).  In effect, Rule 3-1 "takes the
2  place of a series of interrogatories that defendants would likely have propounded had the patent local
3  rules not provided for streamlined discovery."  *Network Caching Tech., LLC v. Novell, Inc.*, No. C-
4  01-2079 VRW, 2002 U.S. Dist. LEXIS 26098, at *12 (N.D. Cal. Aug. 13, 2002).

       In the instant case, the Court agrees with AMD's contention that the infringement contentions served by Mr. Bender fail to comply with Rule 3-1.  First, Mr. Bender's use of representative claim charts is improper because he has not shown that any of the accused products for which he has provided claim charts are in fact representative of any other product.[1]  Mr. Bender has not shown, for example, that the accused products share the same or substantially the same infringing circuitry as any other product.  *Cf. Renesas Tech. Corp. v. Nanya Tech. Corp.*, No. C03-05790 JF (HRL), 2004 U.S. Dist. LEXIS 23601, at *3-4, 6-7 (N.D. Cal. Nov. 10, 2004) (rejecting defendant's reading of Rule 3-1(c), which would have required production of claim charts for each and every accused product, in large part due to the fact that plaintiff's investigation revealed that the accused products shared the same or substantially similar circuitry).

       Second, even if Mr. Bender can establish that it is appropriate to use representative claim charts, he has not in all instances adequately identified the accused products at issue.  Pursuant to Rule 3-1(b), the patentee's identification of *which* accused products allegedly infringe cannot be so amorphous or imprecise so as to force the opposing party to essentially "guess which versions of its products" are allegedly infringing.  *InterTrust Techs. Corp. v. Microsoft Corp.*, No. C 01-1640 SBA, 2003 U.S. Dist. LEXIS 22736, at *6 (N.D. Cal. Nov. 26, 2003).  In the instant case, Mr. Bender has inappropriately described some of the accused products in overly broad terms -- *e.g.*, using the broad labels "Networking Products" and "Older Products."

       Finally, Mr. Bender's infringement contentions are not in compliance with Rule 3-1(c), which requires a patentee to "identify[] specifically *where* each limitation of each asserted claim is found within each Accused Instrumentality."  Pat. L.R. 3-1(c) (emphasis added).  Although Mr. Bender's infringement contentions do more than simply mimic the claim language, the infringement

---

[1] Mr. Bender provided three representative claim charts for over 100 AMD products.

contentions are generally defective because the given locations are impermissibly broad and vague in description. The descriptions are so broad that they fail to give fair notice to AMD as to where the offending circuits are to be found. In addition, Mr. Bender fails to properly map and link the claim language to each accused product; instead, the locations are repeated for each element of every claim, even where inappropriate.

The only question remaining is what relief AMD should be accorded for the inadequate infringement contentions. At this early stage of the proceedings, the Court will not impose the draconian sanction of striking the infringement contentions. Rather, it shall give Mr. Bender an opportunity to amend the contentions. Mr. Bender is forewarned, however, that he may not be given further opportunities to amend -- *i.e.*, at a certain point, if the contentions continue to be insufficient, they may be stricken.

## II. CONCLUSION

For the foregoing reasons, AMD's motion to strike is denied but its motion to compel is granted. Mr. Bender has until February 26, 2010, to serve amended infringement contentions. Because the infringement contentions are still outstanding, AMD's obligation to serve invalidity contentions is temporarily stayed. The parties shall meet and confer to determine a mutually agreeable schedule for the serving of the invalidity contentions.

This order disposes of Docket No. 26.

IT IS SO ORDERED.

Dated: February 1, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge

3