UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY BENDER,<br><br>    Plaintiff,<br><br>  v.<br><br>ADVANCED MICRO DEVICES, INC.,<br><br>    Defendant.<br>_____/ | No. C-09-1149 MMC (EMC)<br><br>**ORDER DEFERRING RULING ON DEFENDANT'S RENEWED MOTION TO STRIKE**<br><br>**(Docket No. 46)** |

    Currently pending before the Court is Defendant's renewed motion to strike Plaintiff's infringement contentions. The Court agrees with Defendant that Plaintiff's amended infringement contentions are still lacking in sufficient specificity to meet Patent Local Rule 3-1. As the Court has previously noted, under that rule, infringement contentions must specifically identify where each limitation of each asserted claim is found in each accused product. *See* Pat. L.R. 3-1(c). Plaintiff's amended infringement contentions still suffer from the same basic flaw as his original infringement contentions -- they do not identify, *e.g.*, where the buffers, rails, and mirrors are located specifically but rather only generally state they are in the high-speed analog amplifiers within various accused devices.

    While the Court finds the amended infringement contentions lacking, it shall not at this juncture recommend that the contentions be stricken. That would be tantamount to a terminating sanction, and the Court is not convinced, at this juncture, that a lesser drastic approach should not be employed first.

1 That being said, the Court declines to follow Plaintiff's suggested approach -- *i.e.*, that the
2 Court order Defendant to produce the schematics for the three allegedly representative products after
3 which Plaintiff will then provide amended infringement contentions that contain the specificity
4 required by Patent Local Rule 3-1. Given the meager showing of infringement thus far, this would
5 put the cart before the horse. The Patent Local Rules contemplate that infringement contentions
6 precede discovery; indeed that is one of the purposes of the contentions -- to frame discovery. That
7 is not to say that, in an appropriate case, schematics may be ordered produced. But this is not such a
8 case. As discussed below, Plaintiff has not demonstrated that he has exercised due diligence in
9 obtaining needed information from publicly available sources and that no other viable option exists.
10 Moreover, whether discovery should be ordered is informed in part by Federal Rule of Civil
11 Procedure 26(b), which requires the Court to weigh the benefit and burden of the discovery
12 requested. Here, the burden on Defendant is significant as Plaintiff is asking for the production of
13 confidential, proprietary information. In contrast, there is no showing that the information will have
14 any probative value because Plaintiff has thus far offered little more than speculation that its claim
15 of infringement is facially plausible. *Cf. Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (discussing facial
16 plausibility in the context of Federal Rule of Civil Procedure 12(b)(6)).

17 The Court shall give Plaintiff one final opportunity to provide amended infringement
18 contentions after exhausting diligence commensurate with the substantial magnitude of this case.
19 That diligence includes reviewing other publicly available information[1] and thoroughly exploring
20 reverse engineering. The Court emphasizes that, absent good cause, this shall be Plaintiff's final
21 opportunity. The Court also emphasizes that, to the extent Plaintiff claims that the cost of such
22 diligence is prohibitive or otherwise unreasonable, the Court shall evaluate that contention in light of
23 the magnitude of the case, both in terms of the money damages sought by Plaintiff as well as the
24 breadth of the infringement alleged by Plaintiff (*i.e.*, how many accused products there are)
25 consistent with the proportionality analysis of Rule 26(b). Plaintiff shall address all three allegedly
26 representative products at issue (not just one). Plaintiff's second amended infringement contentions

---

[1] At the hearing, Defendant represented that there are publicly available reports that may be purchased which contain schematic information.

as to the three representative products as contemplated below, even if sufficient, will not resolve the further question as to the representativeness of these products.

Accordingly, the Court hereby **DEFERS** ruling on Defendant's renewed motion to strike. The Court shall continue the hearing on the motion to June 23, 2010, at 10:30 a.m. Plaintiff shall file a supplemental brief in opposition to the motion (containing new amended infringement contentions as to the three representative products and detailed evidence of its due diligence) by June 9, 2010, and Defendant a supplemental brief in response thereto by June 16, 2010.

IT IS SO ORDERED.

Dated: April 22, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge

3